**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF TENNESSEE

Case number *(if known)* ____________

Chapter you are filing under:

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

**The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | **Robert**<br>First name<br>**Warren**<br>Middle name<br>**Beckham**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br>Middle name<br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** (ITIN) | **xxx-xx-5492** | |

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN | EIN |
| **5. Where you live** | | **If Debtor 2 lives at a different address:** |
| | **295 Jones Pkwy**<br>**Brentwood, TN 37027**<br>Number, Street, City, State & ZIP Code | Number, Street, City, State & ZIP Code |
| | **Williamson**<br>County | County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address. | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address. |
| | Number, P.O. Box, Street, City, State & ZIP Code | Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

**Part 2: Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13

**8. How you will pay the fee**

- ☐ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ■ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | | When | | Case number | |
| District | | When | | Case number | |
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |

**11. Do you rent your residence?**

- ■ No. Go to line 12.
- ☐ Yes. Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

**Part 3: Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No. Go to Part 4.

☐ Yes. Name and location of business

Name of business, if any

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of**:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☐ No. Go to line 16b.
- ■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

■ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

- ☐ No
- ☐ Yes

**18. How many Creditors do you estimate that you owe?**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**19. How much do you estimate your assets to be worth?**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Robert Warren Beckham**
**Robert Warren Beckham**
Signature of Debtor 1

Signature of Debtor 2

Executed on **December 19, 2024**
MM / DD / YYYY

Executed on
MM / DD / YYYY

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Jennifer L. Johnson** Date **December 19, 2024**
Signature of Attorney for Debtor MM / DD / YYYY

**Jennifer L. Johnson**
Printed name

**Long, Burnett, and Johnson, PLLC**
Firm name

**302 42nd Ave. N**
**Nashville, TN 37209**
Number, Street, City, State & ZIP Code

Contact phone **615-386-0075** Email address **ecfmail@tennessee-bankruptcy.com**

**030779 TN**
Bar number & State

# United States Bankruptcy Court
## Middle District of Tennessee

In re **Robert Warren Beckham** Debtor(s)

Case No.
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **4,700.00** |
| Prior to the filing of this statement I have received | $ | **1,000.00** |
| Balance Due | $ | **3,700.00** |

2. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is:

☐ Debtor ■ Other (specify): **To be paid through Chapter 13 Plan**

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. [Other provisions as needed]
**Attorney is electing to utilize the "No App Fee" as outlined in Administrative Order 23-1. Attorney's services and compensation are as outlined in the attached Rights and Responsibilities of Chapter 13 Clients and Attorneys and Attorney-Client Agreement for Chapter 13 Bankruptcy Services and Limited Power of Attorney executed by Client and Attorney.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Items outlined in the attached Rights and Responsibilities of Chapter 13 Clients and Attorneys.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 19, 2024**
*Date*

**/s/ Jennifer L. Johnson**
**Jennifer L. Johnson**
*Signature of Attorney*
**Long, Burnett, and Johnson, PLLC**
**302 42nd Ave. N**
**Nashville, TN 37209**
**615-386-0075 Fax: 615-864-8419**
**ecfmail@tennessee-bankruptcy.com**
*Name of law firm*

# RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 CLIENTS AND ATTORNEYS

It is important for clients who file a bankruptcy case under Chapter 13 to understand their rights and their responsibilities. It is also important that the clients know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Clients should also know that they may expect certain services to be performed by their attorney. The below guidelines are hereby agreed to by the clients and their attorneys.

## CLIENT

The attorney and client acknowledge that they have discussed the obligations of the client to:

**Before the case is filed:**

1. Provide the attorney with complete and accurate financial information. This should include all debts owed, all property owned, an accurate current budget, a projected budget, copies of all required tax returns or transcripts from the IRS, and 6 months of pay stubs, and any other proof of income.

2. Inform the attorney of any prior bankruptcies (in all jurisdictions) and the outcome of those proceedings.

3. Discuss with the attorney the client's reasons and objectives for filing the case.

4. Carefully review the completed bankruptcy petition (including all schedules and statements) prior to signing it, and promptly advise the attorney of any errors, omissions, or changes which need to be made to ensure its accuracy.

5. Review the proposed Chapter 13 Plan with the attorney and understand what the proposed payments will be, when they are to be made, and how they are to be made. The client should understand what payments to creditors are to be made through the Chapter 13 Trustee's office.

**After the case is filed:**

1. Begin making the proposed plan payments to the Trustee so that the Trustee receives the first proposed plan payment within 30 days of filing.

2. Keep the Trustee and attorney informed of the client's address, telephone number, and employment status.

3. Inform the attorney of any wage garnishment or attachment of assets which occurs or continues after the case is filed.

4. Prior to attending the virtual Meeting of Creditors, client is required to watch the Chapter 13 videos hosted by the Chapter 13 Trustee and read the "Red Booklet" sent out by the Chapter 13 Trustee and ask the attorney about any questions/concerns they

have about them.

5. Client will attend the virtual Meeting of Creditors (341 Meeting) by using Zoom. While participating in the virtual Meeting of Creditors, client will conduct themselves in a manner that is respectful to the proceedings, i.e. appropriate dress, location, behavior, not driving, etc. and will discuss what constitutes appropriateness with attorney prior to the meeting.

6. Review the Confirmation Order when received, and advise the attorney if the client has questions about their obligations under the plan or how creditors are getting paid.

7. Review the Trustee's Notice of Intent to Pay Claims when received and advise the attorney of any filed claims that appear to be improper or excessive and also advise the attorney if there are any creditors who have not filed a proof of claim but the client wants to pay.

8. Insure all property of the estate, including maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases.

9. Contact the attorney promptly if the client experiences any event that would render them unable to make their scheduled plan payment, such as loss of job, serious illness/injury, unexpected large expense, etc.

10. Inform the attorney if any tax refunds the client would be entitled to are seized or not returned to the client by the IRS.

11. Provide any documentation/information requested by attorney for the attorney to file any necessary post-petition motions (i.e. tax returns, pay stubs, amended budget).

12. Contact the attorney prior to attempting to buy, sell, or refinance any real estate or employing any real estate agents or listing real estate for sale. Contact the attorney prior to attempting to buy, sell, or refinance any motor vehicle or other asset.

13. Contact the attorney immediately if the debtor receives an inheritance or believes they may receive an inheritance in the future.

14. Contact the attorney if the client is sued or involved in any serious legal proceeding during the case, including criminal matters and divorces.

15. Contact the attorney if the client has any potential lawsuits against another person or company that arise after the bankruptcy is filed.

16. Attend a financial management workshop before the due date of the last scheduled plan payment.

17. Open and read all correspondence from the attorney, Trustee, and Bankruptcy Court.

18. Listen to any voice messages left by the attorney and promptly return any missed calls from their attorney.

19. If the client is involved in a joint case, client should inform attorney if they separate from their spouse or if they are seriously contemplating divorce.

**ATTORNEY**

_____The attorney certifies they are certified in consumer bankruptcy by the American Board of Certification. (Mark if applicable)

The attorney has agreed to accept a flat fee (referred to in Administrative Order 23-1 as the "No App Fee") of $ 4,700.00 for all aspects of the bankruptcy case, except for services excluded from the No App Fee (described below). For some of the excluded services, the attorney has agreed to limit the fees to amounts set by the Bankruptcy Court for the specific services. For the remaining excluded services, the attorney may request additional fees on an hourly basis in accordance with the agreement between the attorney and the client.

Fees shall be paid by the Trustee through the plan unless otherwise ordered. The attorney may not receive fees directly from the client, other than the initial retainer, unless paid by a third party, in which event such payment must be fully disclosed to the Bankruptcy Court. Any fee relating to the bankruptcy case must be agreed upon by the client and the attorney as well as being disclosed to and approved by the Court.

**Services included in the No App Fee:**

The services the attorney agrees to provide for the No App Fee include:

1. Meet with the client to review the client's debts, assets, liabilities, income, and expenses. Request, as appropriate to the case, financial information, including credit reports and information on any mortgage debt or support obligation.

2. Conduct necessary due diligence regarding any prior bankruptcies involving the client.

3. Counsel the client regarding the advisability of filing a bankruptcy and whether filing either a Chapter 7 or Chapter 13 case would assist in meeting the client's objectives.

4. Explain what payments will be made directly by the client and what payments will be made through the client's proposed Chapter 13 plan.

5. Explain to the client how, when, and where to make the Chapter 13 plan payments, including advising the client that the first plan payment must be received by the Chapter 13 Trustee no later than 30 days after the case is filed.

6. Explain to the client how the attorney's fees and Trustee's fees will be paid and providing the client a signed copy of any contract between the client and the attorney and a copy of this Rights and Responsibilities Agreement to the debtor.

7. Advise the client of the requirement to attend the virtual 341 Meeting of Creditors by Zoom, take necessary steps to verify the client is prepared to participate in the 341 Meeting of Creditors, and instruct the client as to the date, time, and login procedure for

the meeting.

8 . Advise the client of appropriate dress, location, and behavior for Court appearances and the 341 Meeting of Creditors (i.e. not wearing bedclothes, walking, driving, smoking/vaping, or calling from work). Advise the client to have a copy of the petition and the schedules and statements with them as they attend the virtual 314 Meeting of Creditors and to participate from a location free of distractions.

9. Advise the client of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases and advise the client of the duty to insure all property of the estate.

10. Timely prepare and file the client's petition, plan, statements, and schedules.

11. Ensure that if the plan includes a motion to void liens, that the collateral is identified in detail and an applicable exemption is claimed.

12. Ensure proper notice and service of the plan.

13. Prior to the scheduled virtual 341 Meeting of Creditors, verify that Attorney and client will have adequate internet connections to appear virtually and will have prepared for the meeting.

14. Review all documents filed in the case and review all communications received concerning the case.

15. Respond to objections to plan confirmation and, where necessary, prepare an amended plan, and appear at the confirmation hearing.

16. Explain to client that a plan may be modified after confirmation in certain circumstances and, where appropriate, prepare, file, and serve necessary proposed modifications to the plan which may include suspending, lowering, or increasing plan payments.

17. Prepare, file, and serve any necessary amended statements/schedules as appropriate.

18. Review the confirmation order and the Trustee's notice of intent to pay claims.

19. If necessary, object to improper or invalid claims based upon information provided by the client.

20. File claims for creditors when the client's goals and interests are served by such filing.

21. Respond to client communications in a timely manner. Attorney should advise the client of the best and most efficient means of communication.

22. File any notices of change of employment or change of address for the client.

23. Represent the client in connection with all motions filed in the bankruptcy case, other than those listed in the excluded services below.

24. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

25. Monitor the case at regular intervals to review the client's compliance with the plan and applicable Court orders, as appropriate to the case based upon: the circumstances of the case, prior Court activity, and the history of the Debtor. Attorneys should utilize resources such as PACER, www.13network.com, the Chapter 13 Trustee's website, or any commercially available software to help them monitor the case status efficiently.

26. After conducting a regular, periodic review of the case, communicate with the client to discuss any problems discovered and take steps to address any problems as appropriate to best represent the interests of the client.

**Additional services requiring additional limited fees.** The following services are not included in the No App Fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, for additional compensation based on a fee schedule approved by the Court. The maximum additional fee for work performed in connection with obtaining the necessary Court approval for certain activities is indicated below:

1. A completed mortgage loan modification of the claim secured by the debtor's principal residence – up to $500.

2. A motion and order authorizing the use of insurance proceeds and/or substitution of collateral arising out of a loss covered by insurance– up to $400.

3. A motion and order regarding retention of a realtor, auctioneer or other professional relating to the sale of property or representing the interests of the estate – up to $200.

4. A motion and order regarding the sale of property and disposition of the proceeds, resulting in the closing of such sale and the filing of any necessary report of the sale – up to $300.

5. A motion and order regarding the retention of special counsel by the debtor relating to collecting or pursuing a cause of action in a different judicial forum and that results in the filing of a motion and order authorizing the approval of a settlement of such litigation – up to $300. (When the special counsel is receiving a contingency fee, it is anticipated that such contingency fee will typically be reduced by the amount paid by the bankruptcy estate to the bankruptcy counsel to engage special counsel and to obtain settlement approval so that the cumulative fees incurred by the bankruptcy estate to complete a settlement does not exceed the agreed upon contingency fee. If the litigation is tried to a conclusion and does not require a settlement approval process in bankruptcy, the fee enhancement solely for obtaining approval of special counsel will be up to $200.00, again typically reducing the total contingency fee paid.)

**Additional services on an hourly basis.** The following services are not included in the No App Fee and are not covered by any specific cap on fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, but may charge an hourly rate for the

work performed – subject to Court approval:

1. Motions for sanctions or contempt.

2. Representation at a Rule 2004 examination.

3. Representation of the debtor(s) in any adversary proceeding (or certain contested matters placed on an "adversary track" by order of the Court), unless such representation is an integral part of the attorney's obligations under the Rights and Responsibilities Agreement.

**Services the attorney has not agreed to provide.** The attorney has not agreed to represent the client in any adversary proceeding or certain contested matters placed on an "adversary track" by order of the Court, unless such representation is an integral part of the attorney's obligations under the Rights and Responsibilities Agreement or unless the separate litigation representation is spelled out in an addendum to the agreement or in a separate supplemental contract. The client will be fully apprised of any such anticipated litigation that would not be covered by this agreement.

Effective Date: 12 / 19 / 2024

DEBTOR LAW FIRM NAME

By:____________________________

____________________________
CLIENT

____________________________
CLIENT (*if joint*)

# United States Bankruptcy Court
## Middle District of Tennessee

| | | | |
|---|---|---|---|
| In re | **Robert Warren Beckham** | Case No. | |
| | Debtor(s) | Chapter | **13** |

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: **December 19, 2024**

**/s/ Robert Warren Beckham**
**Robert Warren Beckham**
Signature of Debtor

ROBERT WARREN BECKHAM
295 JONES PKWY
BRENTWOOD TN 37027

JENNIFER L. JOHNSON
LONG, BURNETT, AND JOHNSON, PLLC
302 42ND AVE. N
NASHVILLE, TN 37209

AMEX
CORRESPONDENCE/BANKRUPTCY
PO BOX 981535
EL PASO TX 79998

AMEX
P.O. BOX 981537
EL PASO TX 79998

AVANZA GROUP
3974 AMBOY ROAD
STATEN ISLAND NY 10308

BAY POINT CAPITAL PARTNERS II, LP
3050 PEACHTREE RD SUITE 740
ATLANTA GA 30305

BLUEVINE INC
30 MONTGOMERY ST SUITE 1400
JERSEY CITY NJ 07302

BORIS YANKOVICH ESQ
17 STATE STREET SUITE 4000
NEW YORK NY 10004

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130

CAPITAL ONE
PO BOX 31293
SALT LAKE CITY UT 84131

CITIBANK
CITICORP CR SRVS/CENTRALIZED BANKRUPTCY
PO BOX 790040
ST LOUIS MO 63179

CITIBANK
PO BOX 6217
SIOUX FALLS SD 57117

CITY NTL BK
GATE WAY AIR
WILMINGTON DE 19801

GARRETT A NAIL ESQ
3350 RIVERWOOD PARKWAY, STE 460
ATLANTA GA 30339

GEORGIA, FULTON COUNTY STATE CRT CLRK
ATTN CASE NO 24EV006263
185 CENTRAL AVE, SW
ATLANTA GA 30303

HERBERT GRAHAM
1222 N GRANT AVE
ODESSA TX 79761

LAWLESS & ASSOCIATES PC
SUITE 403 THE CUSTOMS HOUSE
701 BROADWAY
NASHVILLE TN 37203

LAWLESS AND ASSOCIATES
TOM LAWLESS ESQ
701 BROADWAY, STE 403
NASHVILLE TN 37203

MERCEDES - BENZ FINANCIAL SERVICES
ATTN: BANKRUPTCY
P.O. BOX 685
ROANOKE TX 76262

MERCEDES - BENZ FINANCIAL SERVICES
P.O. BOX 961
ROANOKE TX 76262

SEAMLESS CAPITAL GROUP LLC
600 W 5TH ST #1200
AUSTIN TX 78701

STATE COURT OF FULTON COUNTY CLERK
185 CENTRAL AVENUE, SW
ATLANTA GA 30303

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONTARIO
ATTN CASE# 137657-2023
27 NORTH MAIN STREET
CANANDAIGUA NY 14424

THE FIRST NATIONAL BAN
200 EAST MAIN ST
MC MINNVILLE TN 37110

WILLIAMSON COUNTY TRUSTEE
1320 W MAIN ST #203
FRANKLIN TN 37064