**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| Robert Warren Beckham | ) | Case No. 24-04885 |
| | ) | Chapter 13 |
| Debtor | ) | Judge Nancy B. King |
| | ) | |
| First National Bank of Middle Tennessee | ) | |
| | ) | |
| Movant | ) | |
| -vs- | ) | |
| | ) | |
| Robert Warren Beckham, Debtor and | ) | |
| Henry E. Hildebrand, III, Chapter 13 Trustee | ) | |
| | ) | |
| Respondents. | ) | |

## MOVANT'S PRE-HEARING STATEMENT

Comes now, First National Bank of Middle Tennessee (hereinafter "Movant"), by and through counsel, and submits to the Court, in support of its motion for relief from the provision of 11 U.S.C. § 362 of the property described below and in accord with the Court's Pretrial Order and would show to the Court as follows.

## MOVANT'S THEORY OF ITS CAUSE OF ACTION

1. The Debtor filed a Chapter 13 petition with this Court on December 19, 2024, apparently to delay a pending foreclosure by Movant scheduled for December 20, 2024 on property located at 295 Jones Parkway, Brentwood, Williamson County, Tennessee (the "Property"). The Property is presently listed and having been transferred on May 15, 2023, to a Tennessee limited liability company known as Beckham Enterprises, LLC without the consent of Movant.

2. Movant is the owner and holder of two (2) secured obligations which are secured by recorded Deeds of Trust against the Property with an aggregate secured balance as of December 23, 2024 in the amount of $4,134,007.14. Movant has filed a motion to dismiss the Debtor's Chapter 13 case due to the clear and unambiguous ineligibility to meet even the minimum debt limit standards as set forth in the Code.

3. The Debtor has failed to pay prior years City and County property taxes, and the current year's property taxes are now due and payable.

4. Upon information and belief, the Debtor presently does not have monthly disposable income sufficient to propose and/or file a plan that is capable of confirmation, even if the Debtor was eligible to be a Debtor under Chapter 13 of the Code.

5. Movant would respectfully assert that the Debtor knowingly being ineligible under the Code with no plausible confirmable prospect to propose a confirmable Plan filed the instant case which was indicative of a bad faith filing, sanctionable under the Code.

**MOVANT'S CONTENTIONS OF FACT**

The Movant would show (a) the Debtor has claimed to reside in the Property without payments made to the Movant for over 5 months and does not (apparently) have the ability to afford the Property and maintain the same, (b) the Debtor has failed to pay City of Brentwood, Tennessee and Williamson County, Tennessee property taxes for the year 2023 and, as of now, no provisions for the year 2024 which are due and payable. Statutory interest on the property taxes accrue and does prime the lien of the Movant requiring an additional advancement to protect the priority of the lien of Movant, (c) due to the failure of the Debtor and/or the "alleged" owner to pay the delinquent property taxes, the matter is subject to the transfer to the Clerk & Master's Office to commence sale for back taxes which incurs additional fees and expenses and (d) there are material bad acts and misrepresentations made to the Movant by the Debtor concerning the actions and ability to satisfy the obligations that the Debtor knew were false at the time made and were made to materially misrepresent the facts concerning the intentions of the Debtor in relation to the Movant.

**MOVANT'S STATEMENT OF UNCONTESTED FACTS**

1. The Debtor executed the Note and Credit Agreement and the Deeds of Trust which are attached as collective Exhibit.

2. The Debtor has not paid the Real Property Taxes on the Property for the year 2023 and now 2024, which are due and payable.

3. The delinquent property taxes are presently in collections by Williamson County, Tennessee.

4. The Debtor has not made any payments on the loan secured by the Property in the preceding 5 months.

5. The Debtor does not own the Property.

6. The Debtor did not seek or get the consent of the Movant to permit the transfer of the Property.

7. The Debtor knew or should have known that he was not eligible to be a Debtor under Chapter 13 of the Code at the time of the filing of the petition.

8. The conduct of the Debtor, including the failure to pay the property taxes, complete inability to maintenance and service the debt against the Property and the known ineligibility to be a Debtor under Chapter 13 of the Code, are cause to grant stay relief.

## LEGAL ISSUES

A. Is the Movant entitled to relief from the stay based upon the facts and stipulations in the case?

B. Is the Chapter 13 Trustee entitled to the funds over and above the amount necessary to satisfy the lien of the Deeds of Trust and the past due and delinquent property taxes for the benefit of the creditors of the estate since the Trustee's interest was not abandoned?

C. Has the Debtor provided for and given adequate protection as required by the Code?

## WITNESSES

The Movant would anticipate calling the Chapter 13 Trustee. Additionally, Movant reserves the right to examine the Debtor.

Movant will submit the custodian of the regularly maintained business records and accounts of the Movant.

Movant reserves the right to submit such other records and/or reports and/or public records as well as a valuation of the property.

Respectfully Submitted,

*/s/ Thomas W. Lawless*
Thomas W. Lawless (009211)
Lawless & Associates, P.C.
Suite 403, The Customs House
701 Broadway
Nashville, TN 37203
(615) 351-7839
tomlawless@comcast.net

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Movant's Pre-Hearing Statement has been electronically forwarded to U.S. Trustee's Office, Chapter 13 Trustee and to Jennifer L. Johnson, Esq., Attorney for the Debtor, on this the 9th day of January, 2025.

*/s/Thomas W. Lawless*
Thomas W. Lawless