# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,850,000.00 | 06-17-2022 | 06-17-2052 | [redacted] | 19 | | EBM | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** ROBERT WARREN BECKHAM
295 JONES PKWY
BRENTWOOD, TN 37027

**Lender:** FIRST NATIONAL BANK OF MIDDLE TENNESSEE
MUSIC ROW BRANCH
200 EAST MAIN STREET
MCMINNVILLE, TN 37110

**Principal Amount: $2,850,000.00** **Date of Note: June 17, 2022**

**PROMISE TO PAY. I ("Borrower") promise to pay to FIRST NATIONAL BANK OF MIDDLE TENNESSEE ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million Eight Hundred Fifty Thousand & 00/100 Dollars ($2,850,000.00), together with interest on the unpaid principal balance from June 22, 2022, until paid in full.**

**PAYMENT. Subject to any payment changes resulting from changes in the Index, I will pay this loan in accordance with the following payment schedule, which calculates interest on the unpaid principal balances as described in the "INTEREST CALCULATION METHOD" paragraph using the interest rates described in this paragraph: 60 monthly consecutive principal and interest payments in the initial amount of $15,202.03 each, beginning July 17, 2022, with interest calculated on the unpaid principal balances using an initial interest rate of 4.950% per annum based on a year of 360 days; and 300 monthly consecutive principal and interest payments in the initial estimated amount of $15,202.03 each, beginning July 17, 2027, with interest calculated on the unpaid principal balances using an interest rate based on the WALL STREET JOURNAL PRIME RATE (currently 4.000%), plus a margin of 0.950%, resulting in an initial interest rate of 4.950% per annum based on a year of 360 days. My final payment will be due on June 17, 2052 and will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; then to any unpaid collection costs; and then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note.**

**VARIABLE INTEREST RATE.** For the first 60 payments, the interest rate on this loan will be 4.950%. Thereafter, the interest rate on this Note is subject to change from time to time based on changes in an independent index which is the WALL STREET JOURNAL PRIME RATE (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. Lender will tell me the current Index rate upon my request. The interest rate change will not occur more often than each FIVE YEARS. I understand that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** The interest rate or rates to be applied to the unpaid principal balance during this Note will be the rate or rates set forth herein in the "Payment" section. Notwithstanding any other provision of this Note, after the first payment stream, the interest rate for each subsequent payment stream will be effective as of the due date of the last payment in the just-ending payment stream and will be determined using the most recent Index figure available as of 45 days before the date of the scheduled interest rate change. If the Index is no longer published to the general public or the administrator of the Index or a regulator has issued a public statement that the Index is no longer reliable or representative during the term of this Note ("Replacement Event"), then Lender may amend this Note by designating a substantially similar replacement index which shall become the new Index on the loan ("Replacement Index"). Lender may also amend and adjust any margin corresponding to the replaced Index described in the "Payments" section to accompany the Replacement Index ("Replacement Margin"). The Replacement Margin may be a positive or negative value, or zero. In making these amendments, Lender will make a reasonable, good faith effort to select a Replacement Index and Replacement Margin that Lender reasonably expects will minimize any change in the cost of the loan, taking into account the historical performance of the Index being replaced and the Replacement Index. If the Replacement Index is newly established and therefore does not have a rate history, it may nonetheless be used if it produces an interest rate substantially similar to the rate in effect at the time of the Replacement Event. Such an amendment to the terms of this Note will become effective immediately upon the Replacement Event and will be used to determine my interest rate and monthly payments for interest rate adjustments that are more than 45 days from the Replacement Event. Lender will notify me of the Replacement Index and Replacement Margin as appropriate. After a Replacement Event, all references to the "Index" and any margin corresponding to the Index shall be deemed to be references to the "Replacement Index" and "Replacement Margin." NOTICE: Under no circumstances will the interest rate on this Note be less than 4.950% per annum or more than the lesser of 10.950% per annum or the maximum rate allowed by applicable law. Notwithstanding the above provisions, the maximum increase or decrease in the interest rate at any one time on this loan will not exceed 2.000 percentage points. **Unless waived by Lender, any change in the interest rate will change the amounts of my payments; the new payment will be calculated by amortizing the outstanding principal balance at the new interest rate over the remaining term of the loan.**

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 30/360 simple interest basis; that is, with the exception of odd days before the first full payment cycle, monthly interest is calculated by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days before the first full month is calculated on the basis of the actual days and a 360-day year. All interest payable under this Note is computed using this method.**

**RECEIPT OF PAYMENTS.** All payments must be made in U.S. dollars and must be received by Lender consistent with the following payment instructions: All loan payments must be accompanied by the account number or payment coupon provided. Loan payments must be sent to First National Bank of Middle Tennessee, 200 East Main Street, McMinnville, TN 37110 or to any other full service branch location address. Loan payments may also be made in person to First National Bank of Middle Tennessee personnel in any of our branch lobby locations. Our hours of operation for receiving loan payments are 8:30 AM - 4:30 PM, Monday-Thursday and 8:30 AM - 5:00 PM, Friday, (Viola Branch hours of operation for receiving loan payments are 9:00 AM - 2:00 PM Monday-Friday), except bank holidays. All other payments received will be credited as of the next loan operations business day or as otherwise permitted by law. Lender may modify these payment instructions by providing updated payment instructions to me in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: FIRST NATIONAL BANK OF MIDDLE TENNESSEE, 200 EAST MAIN STREET MCMINNVILLE, TN 37110.**

**LATE CHARGE.** If my payment is more than 15 days late, I will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note, with the final interest rate described in this Note applying after maturity, or after maturity would have occurred had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

Case 3:24-bk-04885 Doc 20-1 Filed 01/09/25 Entered 01/09/25 22:00:35 Desc Exhibit Note Page 1 of 2

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Tennessee without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Tennessee.**

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of RUTHERFORD County, State of Tennessee.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by a Deed of Trust dated June 17, 2022, to the named trustee in favor of Lender conveying real property located in Williamson County, Tennessee, and known as 295 Jones Pkwy., Brentwood, Tennessee 37027.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**USURY SAVINGS CLAUSE.** It is the intention of Lender and me to comply strictly with all applicable usury laws; and, accordingly, in no event and upon no contingency shall Lender ever be entitled to charge, receive, collect, or apply as interest any interest, fees, charges, or other payments equivalent to interest, in excess of the maximum rate which the Lender may lawfully charge under applicable state and federal statutes and laws from time to time in effect; and, in the event that Lender ever receives, collects, or applies as interest, any such excess, such amount which, but for this provision, would be excessive interest shall be applied to the reduction of the unpaid principal amount of the Note; and, if said principal amount and all lawful interest thereon is paid in full, any remaining excess shall be refunded to me. All interest paid or agreed to be paid shall, to the maximum extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan, including any renewals, until payment in full of the principal. Any provision hereof, or of any other agreement between Lender and me, that operates to bind, obligate, or compel me to pay interest in excess of such maximum lawful contract rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between Lender and me that is in conflict with the provisions of this paragraph.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** I may notify Lender if Lender reports any inaccurate information about my account(s) to a consumer reporting agency. My written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: FIRST NATIONAL BANK OF MIDDLE TENNESSEE 200 EAST MAIN STREET MCMINNVILLE, TN 37110.

**TRANSFERRABLE RECORDS AGREEMENT.** In the event this document is an Electronic Promissory Note, this document would be a Note under federal and state law. I expressly agree that this promissory note is to be treated as a transferrable record for purposes of compliance with federal and state electronic signature laws. It is my intent that by signing this document, I will ensure the transferability and enforceability of an electronic note.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. I AGREE TO THE TERMS OF THE NOTE.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**BORROWER:**

X ______________________________

ROBERT WARREN BECKHAM

**Originator Names and Nationwide Mortgage Licensing System and Registry IDs:**

Organization: **FIRST NATIONAL BANK OF MIDDLE TENNESSEE** NMLSR ID: **401715**

Individual: **ELLEN B MAY** NMLSR ID: **659317**

LaserPro, Ver. 22.1.0.044 Copr. Finastra USA Corporation 1997, 2022. All Rights Reserved. - TN c:\LASERPRO\CFI\LPL\D20.FC TR-30297 PR-135