**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Robert Warren Beckham** | ) | **Case No: 24-04885** |
| | ) | **Chapter 11** |
| | ) | **Judge Nancy B. King** |
| **Debtor.** | ) | |
| | ) | |

**LIMITED OBJECTION TO DEBTOR'S MOTION TO SELL MEMBERSHIP INTEREST IN AMG GLOBAL, INC.**

Comes now, First National Bank of Middle Tennessee (hereinafter "Movant"), by and through counsel, and files this limited Objection to the Debtor's Motion to Sell his membership interest in AMG Global, Inc. and in support thereof would show to the Court as follows:

1. The Debtor filed a Motion to sell the Debtor's "membership interest" in AMG Global, Inc., a Tennessee corporation, and attaches a document purportedly representing a contract between the Debtor and Archer Energy Group, LLC, a Virginia limited liability company, (dated February 14, 2024) for the sale of 100% of the limited liability company membership of AMG Management, LLC. Additionally, the Motion was filed with the Court on February 12, 2025, but the contract for the sale or purchase of the membership interest to be transferred is February 14, 2024. The Debtor filed a Chapter 13 proceeding on December 19, 2024 but did not disclose the purported attempted transfer of the interest in the Chapter 13 proceeding, which has now been converted to the instant Chapter 11 proceeding.

2. The Debtor, in his schedule of assets, lists the value of various entities including the value of AMG Management, LLC as -0-. The Debtor offers no substantive information to permit creditors to evaluate the purported offer to purchase nor does the Debtor provide any information concerning the ability of the purported

purchaser to perform under the agreement, which was executed over one year before and apparently never consummated. Absent such additional information showing that the purchaser has the ability to perform under the Agreement, a creditor cannot make a reasonable determination if the price or value offered is the fair market value.

3. The Debtor appears to clearly disregard the distinction between the individual Debtor, and the Debtor's ownership interest in separate and distinct legal entities. In the Debtor's first meeting of creditors, the apparent distinction between his ownership interest in a limited liability company and/or ownership of shares of stock in a Tennessee corporation was not realized or recognized.

WHEREFORE, First National Bank of Middle Tennessee objects to the proposed Debtor's Motion to Sell Membership Interest pending complete and full disclosures of the ability, value, intent and interest of the various parties to complete the transaction referenced in the Debtor's Motion.

Respectfully Submitted,

*/s/ Thomas W. Lawless*
Thomas W. Lawless (009211)
Lawless & Associates, P.C.
Suite 403, The Customs House
701 Broadway
Nashville, TN 37203
(615) 351-7839
tomlawless@comcast.net

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Dismiss has been electronically forwarded to U.S. Trustee's Office, Chapter 13 Trustee and to Michael G. Abelow, Attorney for the Debtor, on this the 22nd day of February, 2025.

*/s/Thomas W. Lawless*
Thomas W. Lawless