**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ] | |
| | ] | |
| **ROBERT WARREN BECKHAM,** | ] | **BK CASE NO. 3:24-04885** |
| | ] | |
| **Debtor,** | ] | |
| | ] | |
| **MELISSA MEDVID,** | ] | **JUDGE NANCY B. KING** |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **JEFFREY S. GRASL, U.S. Trustee,** | ] | **CHAPTER 11** |
| | ] | |
| **Respondents.** | ] | |

---

**MOVANT'S PREHEARING STATEMENT**

---

To the Honorable Nancy B. King:

Comes now MELISSA MEDVID, Creditor herein (hereinafter "Movant"), by and through Counsel, pursuant to Federal Bankruptcy Code & Rules and Local Rules of Bankruptcy Court and hereby files the instant Prehearing Statement and would respectfully show and state to this Honorable Court:

**MOVANT'S THEORY OF CAUSE OF ACTION**

1. That on or about the 19th day of December, 2024 the Debtor filed a Chapter Petition with this Honorable Court, said case having been converted to Chapter 11 on January 31st, 2025.

2. That on or about the 31st day of January, 2025, Debtor filed a Summary of Assets and Liabilities Schedules in which he listed personal property in the sum of Twenty-Five Million, Four Hundred and One Thousand, Five Hundred ($25,401,500.00) Dollars.

3. That Debtor filed and then withdrew his Motion to Sell the aforementioned assets, at least two (2) Creditors, including the Movant having filed Objections thereto and no further motion has been filed with this Court relating to those "assets".

4. That on or about the 3rd day of June, 2022 a Final Decree of Divorce and Marital Dissolution Agreement were entered in the Williamson County Chancery Court in Case No. 22CV-5115 which required the Debtor to make several payments to the Movant including but not limited to periodic alimony payments and an in solido alimony payment.

5. That, upon information or belief, Debtor does not presently possess assets sufficient to propose and/or file a plan that is capable of confirmation.

6. That cause exists for this Honorable Court to deny the Debtor a discharge as to the Movant pursuant to provisions of Federal Rules of Bankruptcy Procedure 4001(a)(3) to be waived and the Movant be allowed to instanter enforce any order granting relief of the Automatic Stay of 11 U.S.C. 362 and pursue the MDA remedies.

**MOVANT'S CONTENTIONS OF FACT**

1. Movant would show that pursuant to Paragraph Nineteen (19) of said Marital Dissolution Agreement, the Debtor agreed to pay and was ordered to pay to the "Movant" alimony in the total sum of One Million, Five Hundred Thousand Dollars ($1,500.000.00) in thirty-six (36) periodic monthly payments each in the sum of Ten Thousand ($10,000.00) Dollars and the balance of One Million, One Hundred and Forty Thousand ($1,140,000.00) "on or before the 1st day of July, 2025".

2. Movant would further show that the Chapter 11 Debtor herein continues to be in default of payments for the aforementioned alimony obligation and has not made a payment since August, 2024.

3. That the Debtor remains indebted to the Movant for further financial division of marital assets in a significant amount and for which no payment has been made by the Debtor since September, 2022.

4. That several Proofs of Claims have been filed in this Chapter 11 case with reference to existing and continuing financial obligations owed by the Chapter 11 Debtor herein to the "Movant" and no objection has been filed by the Debtor to any of said claims.

5. That as a result of the numerous defaults set forth herein, Debtor remains indebted to the "Movant" as of the date of the filing of the skeleton petition.

6. That the parties agreed in Paragraph Thirty-Two (32) of the Marital Dissolution Agreement which states as follows:

> The Parties intend to create a support debt that will be nondischargeable in the event of the bankruptcy of the obligor spouse pursuant to 11 U.S.C. 523(A)(5) which is not dischargeable in bankruptcy as to the other Party.

7. That cause exists for this Honorable Court to deny the Debtor a discharge as to the Movant pursuant to provisions of Federal Rules of Bankruptcy Procedure 4001(a)(3) to be waived and the Movant be allowed to instanter enforce any order granting relief of the Automatic Stay of 11 U.S.C. 362 and pursue the MDA remedies.

8. Movant would further submit that Debtor has committed material bad acts and misrepresentations made to the Movant concerning the actions and ability of the Debtor to satisfy certain financial obligations due to the Movant.

9. That Debtor has responded to the instant Motion for Relief and referenced the filing of a Chapter 11 Plan, but, to date, no proposed plan has been filed with this Honorable Court.

**MOVANT'S STATEMENT OF UNCONTESTED FACTS**

1. That on or about the 3rd day of June, 2022 a Final Decree of Divorce and Marital Dissolution Agreement were entered in the Williamson County Chancery Court in Case No. 22CV-5115 which required the Debtor to make several payments to the Movant including but not limited to periodic alimony payments, periodic child support payments and an in solido alimony payment.

2. That Debtor has not made either periodic alimony payments since August, 2024.

3. That Debtor is required to make an in solido payment of One Million, One Hundred and Forty Thousand ($1,140,000.00) on or before the 1st day of July, 2025.

4. That the agreement of the Debtor pursuant to the aforementioned Marital Dissolution Agreement provides goo and sufficient grounds for this Honorable Court to deem all of the financial obligations pursuant to 11 U.S.C. 523(A)(5) to be declared nondischargeable.

5. That the conduct of the Debtor, and filings with this Court including the petition, statements and schedules purport and reference assets which could be regarded as suspect so as to provide cause for the Movant to seek stay relief.

## LEGAL ISSUES

A. Is the Movant entitled to the entry of an Order declaring that all of the financial obligations to be deemed nondischargeable as to the Movant, pursuant to 11 U.S.C. Section 523(A)(5)?

B. Is the Movant entitled to relief from the Automatic Stay of 11 U.S.C. Section 362?

## WITNESSES

The Movant intends to testify and hereby reserves the right to examine the Debtor and/or the Assistant U.S. Trustee appointed in this Chapter 11 case.

The Movant will submit certain records including but not limited to the Marital Dissolution Agreement and any other document relevant to the financial obligations which are owed to the Movant by this Chapter 11 Debtor.

RESPECTFULLY SUBMITTED,

/s/Duane W. DeVault___________________

DUANE W. DEVAULT B.P.R.#13541
Attorney for Melissa Medvid
Post Office Box 387
Hendersonville, TN 37077-0387
(615) 822-7301 Office
(615) 826-0473 Facsimile
duanedevault@att.net

## CERTIFICATE OF SERVICE

I, Duane W. DeVault, Attorney at Law hereby certify that an ECF copy of the foregoing Prehearing Statement has been forwarded via facsimile or electronic delivery on this the 8th day of May, 2025 to the following

Mr. Michael G. Abelow
Sherrard Roe Voigt & Harbison
Attorney for Debtor
1600 West End Avenue, Suite 1750
Nashville, TN 37203
mabelow@sryblaw.com

JEFFREY S. GRASL
Assistant U.S. Trustee
701 Broadway
Suite 318
Nashville, TN 37203
Fax-(615) 736-2260

/s/Duane W. DeVault___________________
DUANE W. DEVAULT, Attorney at Law