**IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**AT FRANKLIN**

| | | |
|---|---|---|
| **MELISSA DALE BECKHAM,** **Plaintiff / Wife,** | ) ) ) | |
| **VS.** | ) | **NO. 22CV-51115** |
| **ROBERT WARREN BECKHAM,** **Defendant / Husband.** | ) ) ) | |

**FINAL DECREE**

This cause came to be heard before the Honorable Michael W. Binkley, Judge for the Williamson County Chancery Court, upon the counter-complaint filed by Husband and the agreement of the Parties to allow Husband to proceed upon the counter-complaint for divorce on a non-contested basis. Submission to the Court of a written Marital Dissolution Agreement and Permanent Parenting Plan, heretofore signed by the Parties, and review of the entire record in this cause, from all of which the Court finds that these Parties have suffered irreconcilable differences pursuant to T.C.A. 36-4-101(a)(14) and the Court affirmatively finds that the Permanent Parenting Plan is in the best interest of the minor child and the Parties have made adequate and sufficient provisions for the custody and maintenance of the child of the marriage. It is, therefore,

**ORDERED, ADJUDGED** and **DECREED** that that Husband, Robert Warren Beckham, is hereby awarded an absolute divorce from Wife, Melissa Dale Beckham, on the grounds of irreconcilable differences, and the Parties are hereby restored to all the rights and privileges of unmarried persons and that the bonds of matrimony heretofore existing between the Parties shall be perpetually dissolved.

It is further **ORDERED, ADJUDGED** and **DECREED** by the Court, and the Court affirmatively finds, that the Marital Dissolution Agreement, heretofore signed by the Parties and submitted to the Court does make adequate and sufficient provision for the equitable settlement of property rights between the Parties that the Permanent Parenting Plan is in the child's best interest and pursuant to T.C.A. Section 36-4-103(b), the Parties have made adequate and sufficient provision by written agreement for the custody and maintenance of the child of the marriage, and thus the Court approves the Agreements and incorporates the same herein verbatim as follows:

It is further, **ORDERED, ADJUDGED** and **DECREED** that this Final Decree adjudicates all issues in this matter and is a final judgment. All motions, petition or claims for relief not addressed in this Final Decree or any prior orders of the Court are hereby denied.

It is further, **ORDERED, ADJUDGED** and **DECREED** that upon entry of the Final Decree of Divorce in this Jason A. Talley, of Cheatham, Palermo & Garrett, shall be relieved as attorney of record for Husband and Julia E. Stovall shall be relieved as attorney of record for Wife.

It is further, **ORDERED, ADJUDGED** and **DECREED** any and all unpaid Court costs of this cause be, and hereby are, taxed to the Husband pursuant to the Marital Dissolution Agreement, for which execution may issue if necessary.

It is further **ORDERED, ADJUDGED AND DECREED** that execution may issue to enforce any of the provisions of this Decree.

**APPROVED FOR ENTRY:**

*/s/ Jason A. Talley*

**BY: JASON A. TALLEY, P.R. #30829**
**CHEATHAM, PALERMO & GARRETT**
109 Jennings Street
Franklin, Tennessee 37064
615-790-0982
jason@cpgarrettlaw.com
*Attorney for Husband*

*/s/ Julia E. Stovall by permission (JAT #30829)*

**BY: JULIA E. STOVALL, P.R. #013067**
136 Fourth Avenue, South
Franklin, Tennessee 37064
615-330-7948
juliastovall@tnlaw.org
*Attorney for Wife*

**Case Title:** Melissa Dale Beckham vs Robert Warren Beckham

**Case Number:** 22CV-51115

**Type:** ORDER FINAL DECREE/ID DIVORCE

So Ordered

Michael W. Binkley

Electronically signed on 2022-06-03 10:22:12 page 3 of 3

**IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**AT FRANKLIN**

| | | |
|---|---|---|
| **MELISSA DALE BECKHAM,**<br>**Plaintiff / Wife,** | ) | |
| | ) | |
| **VS.** | ) | **NO. 22CV-51115** |
| | ) | |
| **ROBERT WARREN BECKHAM,**<br>**Defendant / Husband.** | ) | |

**MARITAL DISSOLUTION AGREEMENT**

**WHEREAS**, there is presently pending in the Chancery Court for Williamson County, Tennessee, a Complaint for Absolute Divorce, filed by **MELISSA DALE BECKHAM** hereinafter referred to as "Wife", against **ROBERT WARREN BECKHAM,** hereinafter referred to as "Husband", and

**WHEREAS**, these Parties are presently living separate and apart and certain differences and difficulties have arisen between the Parties, and a divorce action in which irreconcilable differences is alleged as a ground will be instituted in the Chancery Court for Williamson County, Tennessee, and they have no expectation of resuming their marital relationship;

**WHEREAS**, the Parties desire to enter into an Agreement with regard to their respective rights and obligations arising out of their marital relationship, in an amicable and mutually acceptable manner, such that said divorce action shall proceed uncontested.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained herein, the Parties do agree as follows:

(1) **CONSIDERATION**: The consideration for this Agreement is the mutual promises and agreements herein contained.

(2) **NO INTERFERENCE**: Each Party shall be free from interference, authority and control, direct or indirect, by the other, as fully as if he or she were single and unmarried. Neither shall

molest the other, or compel or endeavor to compel the other to cohabit or dwell with him or her.

(3) **TAX EXEMPT STATUS**: This Agreement is a transfer of appreciated property between spouses in connection with a divorce, and is not a sale or exchange or other disposition, but represents a division of property by co-owners.

(4) **DIVORCE**: The Husband shall proceed to trial on his Counter-Complaint and obtain a divorce on the grounds of irreconcilable differences, and the Parties shall be restored to all the rights and privileges of unmarried persons.

(5) **VENUE AND SERVICE OF PROCESS**. Each of the Parties hereby acknowledges that a divorce action is pending under the above style and docket number 22CV-51115 in the Chancery Court for Williamson County, Tennessee. Each Party hereby submits that his or her person and property are subject to the jurisdiction of this Court.

(6) **ADVICE OF COUNSEL**: The Parties acknowledge and represent an understanding that Jason A. Talley, of Cheatham, Palermo & Garrett, represented only Husband in the negotiation, consideration and execution of this Agreement and Julia E. Stovall represented only Wife in the negotiation, consideration and execution of this Agreement.

(7) **CUSTODY, VISITATION AND SUPPORT**: All provisions concerning the residential time and support of the minor child are contained in the Parenting Plan, attached hereto as **Exhibit "A"**. The Parties affirmatively acknowledge that no action by the Parties will be effective to reduce child support after the due date of each payment, and that they understand that Court approval must be obtained before child support can be reduced, unless such payments are automatically reduced or terminated under the terms of this Agreement.



Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 5 of 23

(8) **DIVISION AND SETTLEMENT OF MARITAL ESTATE:** In consideration of Wife's equitable share of the Parties' marital estate, Husband shall obtain a mortgage on the Marital Residence [per Section 9] and pay Wife Two Million Nine Hundred Seventy-Five Thousand Dollars ($2,975,000.00) on or before the 29th of June, 2022; Twenty Five Thousand Dollars ($25,000.00) upon the Parties fully executing the Marital Dissolution Agreement; and an additional Five Hundred Thousand Dollars ($500,000.00) within Ninety (90) days of entry of the Final Decree of Divorce as a full and final settlement to any and all claims Wife may have in said marital estate. Husband's payment to Wife shall be considered as a division of the marital estate and not taxable to the Wife nor deductible by the Husband for Federal Income tax purposes.

(9) **REAL PROPERTY**

(a) **295 JONES PARKWAY:** The Parties acknowledge that they are the owners of a house and lot located at 295 Jones Parkway, Brentwood, Williamson County, Tennessee (the "Marital Residence").

As contemplated in Section Eight (8). Division and Settlement of Marital Estate, the Parties have agreed that all right, title and interest that Wife has in and to the home located at 295 Jones Parkway, Brentwood, Williamson County, Tennessee, shall be divested from Wife and reinvested in Husband in fee simple absolute. Upon receipt of all funds referenced in Section 8, Wife shall sign a Quitclaim Deed, prepared by Husband, divesting her of all right, title and interest in the above property.

The Parties further agree that Husband shall be responsible for any and all indebtedness associated with the Marital Residence [there is a Home Equity Line of Credit with currently no balance] including property taxes, insurance expense, utilities and all maintenance and upkeep associated with the ownership of the Marital Residence. Upon the execution of this agreement Husband shall immediately begin the process of refinancing or increasing the existing Home Equity Line of Credit on the Marital

Residence to pay Wife the funds referenced in Section 8 and placing all utilities into his sole name, if not already. Husband agrees to hold Wife harmless and indemnify her from any default on any of the indebtedness associated with the Marital Residence and Husband shall claim any and all applicable deductions on his individual 2022 taxes.

In the event Husband is unable to obtain financing on or before the 29th of June, 2022, as contemplated in this Section and Section Eight (8) above, the Marital Residence shall be immediately listed for sale with a mutually agreed upon real estate agent on the open market at an agreed listing price suggested by the Parties' realtor. In the event that they cannot agree on accepting an offer, making a counter offer, changing the listing price or the method for selling the home, the Parties agree that either may file a motion with the Court to settle the dispute.

Accordingly, the Parties agree that the real estate will be disposed as follows:

A. The Husband shall occupy the property until sale and shall maintain it in show ready condition.

B. The Parties shall take all steps necessary to sell said real estate on the best terms available as soon as reasonably possible after the home is listed on the market, in an arm's length transaction.

C. The Parties' Realtor shall assess what repairs and/or improvements are reasonably necessary to prepare the house for sale to obtain the maximum sales price. Should repairs or improvements be necessary to prepare the house for sale, the Parties agree that the cost and expenses of agreed upon repairs and/or improvements shall be paid equally. The Party incurring repair or improvement expense must obtain and hold for inspection, upon reasonable request, relevant documentation of work performed; items purchased; and retain appropriate documentation of payment including invoices, receipts, and/or cancelled checks.



Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 7 of 23

D. Pending the sale of this property, Husband shall be responsible for paying on time the outstanding debts associated with the property until sold and shall be responsible for paying on time all of the utilities, telephone and general upkeep.

E. When the house is sold, there shall be deducted from the gross sales price the following:

1. All debt secured by the property [presently no mortgages debts];
2. The brokerage commission (3% Sellers Agent and 3% Buyers Agent);
3. Legal fees related to the sale; and
4. Commercially reasonable costs of sale;

Of the remaining net proceeds Wife shall first be paid the net balanced owed to her pursuant to Section 8 [after accounting for any funds Wife has already received from Husband] and then Husband shall receive the remaining proceeds.

If no proceeds remain, the closing attorney(s) shall notify both Parties three (3) days in advance of closing and proceed with the closing acting in his or her reasonable discretion applying available proceeds to the items listed above in paragraph E in the order listed to the extent available.

Furthermore, neither Party shall make any claims against the Parties' Homeowners Insurance without an agreement between the Parties.

**(b) 100 OCEAN DRIVE:** The Parties acknowledge that they own the house and lot located at 100 Ocean Drive, Nassau, New Providence, Bahamas. Any and all right, title and interest that Wife has in and to said property shall be divested from Wife and reinvested in Husband in fee simple absolute. Upon receipt of all funds referenced in Section 8, Wife shall sign a Quitclaim Deed, prepared by Husband, divesting Wife of all right, title and interest in the above property.


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 8 of 23

The Parties agree that Husband shall be responsible for any and all indebtedness associated with the house and lot located at 100 Ocean Drive, Nassau, New Providence, Bahamas, including the existing mortgage debt [1st Mortgage with RBC in Husband's sole name], property taxes, insurance expense, utilities and all maintenance and upkeep associated with the ownership of the property. Husband shall hold Wife harmless and indemnify her from any default on any of the indebtedness associated with this property and Husband shall claim the mortgage interest and property taxes on his individual 2022 taxes.

(c) **1004 HEIGHTS BLVD:** The Parties acknowledge that Husband is under contract [and has deposited Twenty Five Thousand Dollars ($25,000.00) in earnest money] to purchase the house and lot located at 1004 Heights Boulevard, Brentwood, Williamson County, Tennessee which is currently scheduled to close on or before July 2022.

As contemplated in Section Eight (8). Division and Settlement of Marital Estate, the Parties have agreed that all right, title and interest that Husband has in and to the acquisition of the property located at 1004 Heights Boulevard, Brentwood, Williamson County, Tennessee, and the earnest money deposited towards the purchase of said property, shall be divested from Husband and reinvested in Wife as her sole property. It is the parties' intention that upon Wife's receipt of the funds referenced in Section 8 she shall use a portion of said funds towards the purchase of said property, which shall be deeded in Wife's name as her sole and separate property, free of any claim by Husband.

Both Husband and Wife acknowledge that they should seek a title opinion letter on all said real property and both Parties have acknowledged they have had the opportunity to do so. Further, both Parties acknowledge that their attorney(s) have not conducted research of any kind on said real properties and said attorney(s) are relying solely on the information provided by the Parties.

(10) **BUSINESS INTERESTS**

(a) **AMG MANAGEMENT, LLC:** Husband shall be awarded any and all ownership interest he may have in the business known as AMG Management, LLC (a/k/a "The AMG"), including all bank accounts, assets, equipment, account receivables and debts associated with said business, free and clear of any claim, title, right and/or interest of the Wife. Wife shall be divested of any interests in said business and Husband shall hold Wife harmless for any liability thereon. Husband shall be responsible for all business taxes, including but not limited to state, federal, sales and use, or franchise taxes associated with earnings from the aforesaid business interest. In addition, Husband shall be responsible for any and all office space leases associated with said business, and Wife shall hold Husband harmless for any liability thereon.

(b) **AMG PUBLISHING, LLC:** Husband shall be awarded any and all ownership interest he may have in the business known as AMG Publishing, LLC, including all bank accounts, assets, equipment, account receivables and debts associated with said business, free and clear of any claim, title, right and/or interest of the Wife. The Parties acknowledge that said business is currently operating in an unrecouped position. Wife shall be divested of any interests in said business and Husband shall hold Wife harmless for any liability thereon. Husband shall be responsible for all business taxes, including but not limited to state, federal, sales and use, or franchise taxes associated with earnings from the aforesaid business interest. In addition, Husband shall be responsible for any and all office space leases associated with said business, and Wife shall hold Husband harmless for any liability thereon.

(c) **AMG RECORDS, LLC:** Husband shall be awarded any and all ownership interest he may have in the business known as AMG Records, LLC, including all bank accounts, assets, equipment, account receivables and debts associated with said business, free and clear of any claim, title, right

and/or interest of the Wife. Wife shall be divested of any interests in said business and Husband shall hold Wife harmless for any liability thereon. Husband shall be responsible for all business taxes, including but not limited to state, federal, sales and use, or franchise taxes associated with earnings from the aforesaid business interest. In addition, Husband shall be responsible for any and all office space leases associated with said business, and Wife shall hold Husband harmless for any liability thereon.

**(d) THE AMG GLOBAL, INC:** Husband shall be awarded any and all ownership interest/shares he may have in the business known as The AMG Global, Inc. and, by way of his interest/shares in said Corporation, any and all bank accounts, assets, equipment, account receivables and debts associated with said Corporation, free and clear of any claim, title, right and/or interest of the Wife. Wife shall be divested of any interests/shares in said Corporation and Husband shall hold Wife harmless for any personal liability that he may be liable for as a result of his ownership interest/shares.

(e) **L37 VENTURES, LLC:** Husband shall be awarded any and all minority ownership interest he may have in the business known as L37 Ventures, LLC, and, by way of his minority interest in said business, any and all bank accounts, assets, equipment, account receivables and debts associated with said business, free and clear of any claim, title, right and/or interest of the Wife. Wife shall be divested of any interest in said business and Husband shall hold Wife harmless for any personal liability that he may be liable for as a result of his ownership interest.

**(11) VEHICLES**: All right, title and interest that Wife may have, in and to the 2015 Aston Martin DB9, VIN# SCFFDAFM2FGB16492, shall be divested from her and reinvested in Husband in fee simple. Husband shall assume any debt owing thereon, as well as any liability related to the operation of any of said vehicle, and shall hold Wife harmless and indemnify him from any responsibility thereon. If necessary, the Wife shall sign any and all documents necessary to transfer any interest he may have in said vehicles to Husband.

Within ten (10) days after the date of entry of the Final Decree of Divorce, each Party will execute all title, registration, insurance transfers and all other necessary documents to accomplish or complete the terms of this provision and the transfer of insurance, ownership, and registration of said vehicles. Further, each of the Parties will be responsible for seeing that the vehicles awarded to him or her are insured with collision and/or liability insurance and will indemnify and hold the other Party harmless for any liability thereon.

**(12) BANK ACCOUNTS**: The Parties agree that the following bank accounts and all funds therein, titled in the Parties' joint names, shall be awarded to Husband as his sole and separate property as of the execution of this Agreement:

(a) First National Bank, Checking Account [redacted];

(b) First National Bank, Money Market Account [redacted], and

(C) RBC Royal Bank, Savings Account [redacted].

Both Parties' shall be awarded any and all bank accounts, titled in their individual names, and funds therein as their sole and separate property.

From the date of this Agreement, each Party shall be responsible for their respectively awarded accounts. Neither shall make withdrawals from the other's account without the account owner's express written permission, each Party shall be solely responsible for and shall indemnify the other spouse from any obligations incurred on any accounts of the owner of the account, and each Party shall execute any and all documents necessary to remove their name from any and all bank accounts awarded to the other Party.

**(13) PERSONAL PROPERTY/FURNITURE/FURNISHINGS**: The Parties agree that all personal property, clothing, furniture, and any items inherited from their respective families during the marriage or brought into the marriage by Husband and Wife shall remain their sole and separate

property. Also, Wife shall receive any and all Jewelry she has acquired during the marriage as her sole and separate property, free of any claim by Husband, and Husband shall receive any and all Jewelry and watches that he acquired during the marriage as his sole and separate property, free of any claim by Wife.

The Parties further agree that Husband shall receive any and all marital property located at the Marital Residence and located at the Albany Residence, free of any claim by Wife. In addition, any and all marital property acquired during the marriage to furnish Wife's new residence at 1004 Heights Boulevard, Brentwood, Tennessee, shall be awarded to Wife free of any claim by Husband. Finally, Husband shall be awarded any remaining marital property located in the storage unit utilized by the Parties as his separate property with the exception of the following which shall be awarded to Wife as her separate property: any and all Televisions; Restoration Hardware King Bed; the two swivel chairs; two end tables; round marble dining table; Taittinger framed print; Garden of Gethsemane painting; Sepia Tone oil painting of the parties' daughter sitting on a bench; Birds eye maple antique bedroom suite with gray chair; art from the room and the desk chair; Desk chair, art that was behind Wife's desk and lamp in Wife office; all agreed upon dinnerware, flatware, and glasses and kitchenware that was given to Wife.

**(14) VACATIONS:** Wife shall be awarded the Parties' one (1) week pre-paid vacation at the Frangipani resort as well as one-half (1/2) of the remaining nights and rounds of golf at the Eden Roc at Cap Cana. Further, Husband will allow the Wife and the Parties' daughter to vacation to the Albany property, upon a case-by-case basis, and for Wife to retain her membership at her sole expense.

**(15) RETIREMENT/PENSION ACCOUNTS:** Wife shall receive 50% of the marital portion of Husband's SF Wealth Management IRA, Account ending x11046, valued as of the date of divorce, adjusted for investment gains and losses from such date until the date that a separate account is


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 13 of 23

established for Wife. If any loans have been taken out against the IRA, Wife's share will not be reduced by the amount of any outstanding loans to the Husband before determining the amount awarded to Wife. Husband shall effect the division of retirement funds within one hundred twenty (120) days of the entry of the Final Decree of Divorce.

Each party shall have the right to name whomever he or she chooses as beneficiary of all retirement plan(s) in his or her name upon entry of the Final Decree of Divorce.

If either party subsequently elects to liquidate all or part of the balance of funds contained in the aforesaid retirement account(s), he or she shall be solely and separately responsible for the payment of all costs, fees, penalties, and taxes, including but not limited to federal income taxes and capital gains taxes, relative thereto.

(16) **CREDIT CARDS/CAR LEASES/OTHER INDEBTEDNESS**: Except as otherwise provided by this agreement, each Party will be solely and separately responsible for paying any and all debts [including but not limited to Credit Cards and Car Leases] heretofore contracted or incurred by him or her, in his or her individual name, and agrees to indemnify and hold the other Party harmless.

Husband agrees that he shall utilize the Parties' joint checking account to pay the Nordstrom Credit Card, [redacted], with a balance of approximately $1,600.00 and Wife shall immediately cease use of this Credit Card and any and all other Credit Cards associated with Husband's name that she has in her possession.

The Parties acknowledge and agree that the payment of joint debts by each of them is in the nature of support and not dischargeable in bankruptcy.

In the event there is any joint debt not specifically referenced in this agreement, the Party incurring the indebtedness shall pay the debt and hold the other harmless from any liability thereon.

The Husband and Wife acknowledge that to the best of their knowledge, they have no outstanding indebtedness other than that specifically set out herein. However, in the event that any other indebtedness exists, whoever incurred such indebtedness shall be responsible for its repayment. Each Party covenants with the other that, from the date of the divorce, neither will contract any indebtedness upon the credit of the other and that, if either shall be compelled to pay any future debts of the other, then the Party for whose benefit such payments shall be made will indemnify the other to the full extent of the amount paid, inclusive of interest and legal expenses and attorney's fees.

In the event a creditor of either Party makes a claim against the other Party, which is upheld by a Court of competent jurisdiction, to pay any debt for which that Party is not responsible, either by contract or pursuant to the terms of this Agreement, the Party against whom such claim is made shall be entitled to recover from the responsible Party the amount of any payment he or she makes, including interest, and any expenses incurred in defending the creditor's claim, including reasonable attorney's fees.

**(17) HOSPITALIZATION AND HEALTH INSURANCE:** Each Party shall be responsible for the payment of their own health insurance including the cost of COBRA (if available), monthly premiums, copays, and any and all medical or dental expenses not covered by their health insurance plan and agree to indemnify and hold the other Party harmless from any liability thereon.

**(18) LIFE INSURANCE**: Each of the Parties shall receive all right, title and interest in their respective whole, variable universal and term life insurance policies free and clear of any claim from the other Party and each agrees to indemnify and hold the other Party harmless from any liability thereon.

**(19) ALIMONY IN SOLIDO**: Husband shall pay to Wife as Alimony *in solido* the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) over the span of three (3) years upon the entry of the Final Decree of Divorce. Husband's payments to Wife shall be as follows: (a) Ten Thousand dollars ($10,000.00) per month for Thirty Six (36) months for a total of Three Hundred Sixty Thousand


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 15 of 23

Dollars ($360,000.00). Said payments shall commence on or before the (5th) day of the first (1st) month following the entry of the Final Decree of Divorce and continue on or before the (5th) day of each month, thereafter; and (b) The remaining One Million One Hundred Forty Thousand Dollars ($1,140,000.00) shall be paid to Wife on or before the 1st of July, 2025. The Parties agree that Wife's Alimony *in solido* is part of the Parties' property settlement and shall not be modifiable for any reason.

Husband shall be required to maintain term life insurance policy on his life in the amount of $1,500,000.00 to secure his alimony *in solido* and child support obligations. Husband's obligation to maintain a life insurance policy to secure his alimony *in solido* obligation shall terminate upon cessation of Husband's obligation to pay alimony and likewise, Husband's obligation to maintain a life insurance policy to secure his child support obligation shall terminate upon cessation of Husband's obligation to pay child support. Wife shall be named as the beneficiary on such policy and Husband shall provide the Wife proof of the insurance policy each year in February until his obligation ceases as set forth above.

**(20) ATTORNEY'S FEES**: Each Party shall be responsible for the payment of their respective attorney's fees and costs and shall indemnify and hold the other Party harmless.

**(21) COURT COSTS**: Any and all unpaid court costs incurred in this matter shall be paid by the Husband for which execution shall lie if necessary.

**(22) MARITAL DISSOLUTION AGREEMENT INTRODUCED IN PROCEEDINGS**: It is understood and agreed between the Parties that this agreement shall be introduced in the proceedings now pending in the Chancery Court for Williamson County, Tennessee, and submitted to the Court for ratification and incorporation into the Final Decree of divorce between the Parties.

**(23) 2021 FEDERAL TAX RETURN:** The Parties shall file their 2021 Federal Tax Return married filing jointly. Husband shall be solely liable for any deficiency amount that may be owed to the IRS. Should a refund be received by the Parties it is agreed that each Party shall receive one-half (1/2) as


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 16 of 23

their separate property, free of any claim by the other Party.

(24) **FEDERAL TAX LIABILITY:** If in connection with any joint Federal Income Tax Returns previously filed by the Parties, there is a deficiency assessment, the amount ultimately determined to be due shall be borne by either or both the Parties, depending on whether the deficiency arose out of the individual income, deduction, or misreporting of one or the other Parties, (and if so, to that extent), or out of a joint income deduction. In such case, the Party responsible for the deficiency, or additional taxes owed, together with interest and penalties assessed shall indemnify and hold harmless from any liabilities, assessments, deficiencies, and other costs, including, but not limited to attorney fees, accountant fees, arising by reason of the spouses' failure to pay taxes or accurately report same. In addition, each Party agrees that he or she will hold the other harmless from any and all financial responsibility to the federal or state taxing authorities for later imposed tax payments, deficiencies, penalties or interest and/or costs related to amendments to the Parties joint tax returns, which may arise from any understatement of income, overstatement of deductions and/or tax credits, loss carryovers, tax shelters, or any other reason relating to income received by or assets controlled by the responsible spouse. The Parties further agree that any costs or fees necessary to defend any deficiency, penalty or interest claim or any other taxing authority claims with respect to the Parties' joint federal or state tax returns shall be assumed and paid by the responsible Party.

(25) **ENFORCEMENT PROVISION**: In the event it becomes reasonably necessary for either Party to hire counsel and/or to institute and/or defend legal proceedings to procure the enforcement of any provision of this Agreement, the prevailing Party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in hiring and attorney and/or prosecuting the action.

(26) **FAIRNESS OF AGREEMENT**: The Parties acknowledge that the provisions of this agreement are fair, adequate and satisfactory to each Party and in keeping with their reasonable

requirements.

**(27) VOLUNTARY ACCEPTANCE**: Both Parties hereby acknowledge that they are fully apprised of all of the assets and liabilities of the marriage and of their spouse, and that they wish to proceed with the above-styled divorce action with all possible speed, and to minimize costs and attorneys fees associated therewith. Both Parties have had the opportunity to retain counsel. By signing this document, each Party indicates that that they do not want to proceed with additional formal discovery, including completing interrogatories and request for production of documents or discovery depositions that are designed to discover assets or debts. Both Parties release their attorney(s) of record from any obligation to complete additional discovery. Both Parties acknowledge that they have not been given any tax advice or advice regarding valuation of assets by their attorney(s) of record. It is understood and agreed between the Parties that this Agreement is entered into without undue influence, fraud, coercion, or misrepresentation, or for any reason not herein stated. The provisions in this Agreement and their legal effect are fully known by each of the Parties, and each Party acknowledges that the Agreement is fair and equitable and that it is being entered into voluntarily. Both Parties acknowledge that they have read this Agreement in its entirety prior to the signing thereof, and that they have signed same voluntarily.

**(28) ENTIRE AGREEMENT**: This Agreement contains the entire understanding of the Parties. There are no representations, warranties, or promises other than those expressly set forth herein.

**(29) ACCEPTANCE BY THE PARTIES**: With respect to each Party's responsibility for the payment of certain debts and liabilities, and their obligation to hold the other harmless for the payment thereof, the Parties understand and agree that their obligation is a non-dischargeable debt under 11 USC section 523(a)(5) or section 523 (a)(15) of the Bankruptcy Code. The Parties agree that with respect to the debts that they are assuming, each debtor has the ability to pay said debts from income not

reasonably necessary for the maintenance or support of the debtor, or debtor's dependents, or own business. Each debtor also states that the benefit to the former spouse outweighs the determent that it could cause to said debtor.

(30) **DISCOVERY:** The Parties acknowledge their respective rights, under the Tennessee Rules of Civil Procedure, to participate in written (Interrogatories, Request for Production of Documents, etc.) and/or oral (Depositions) discovery, as part of this proceeding. However, each Party waives his or her rights to further discovery in that regard and wishes to settle this case under the terms contained in this Agreement, subject to the Court's approval.

(31) **ESTATE WAIVER**: It is understood and agreed between the Parties that this Agreement is intended to be a final settlement of all property rights and support rights and obligations of the respective Parties hereto and shall constitute a discharge from all claims arising out of their marital relationship except as provided herein. Each Party hereby waives and relinquishes to the other all rights or claims which each may have or hereafter acquire under the law of any jurisdiction with respect to the other's property, including without limitation, dower, curtesy, statutory allowance, homestead rights, right to take against the will of the other, inheritance, descent or distribution, or right to act as administrator or executor of the other's estate except as provided by the terms of this Agreement. This Agreement applies to all property now owned by Husband and Wife, individually or jointly, or any property that either of them may acquire in the future. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their personal representatives, heirs and assigns.

(32) **ADDITIONAL INSTRUMENTS**: It is understood and agreed between the Parties that, as part of the consideration for the execution of this Agreement, each Party shall willingly execute and deliver any and all instruments necessary or required in order to implement the terms of this Agreement. Both Parties agree to sign any and all deeds, titles, documents, or instruments necessary to carry out the full


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 19 of 23

purpose and intent of this Agreement. Whenever one Party is required by the terms of this Agreement to assume responsibility for paying certain debts and/or indemnify and hold the other Party harmless from any liability therefore, such obligation is intended to be a support obligation under 11 U.S.C. 523(a)(5) which is not dischargeable in bankruptcy as to the other Party. The Parties intend to create a support debt that will be nondischargeable in the event of the bankruptcy of the obligor spouse pursuant to 11 U.S.C. 523(a)(5). This support is necessary to meet the daily living expenses of the nonobligor spouse, and the amount of support is reasonable. However, the Parties acknowledge the determination of any issue arising under this section is in the exclusive jurisdiction of the United States Bankruptcy Court.

**(33) MODIFICATION**: A modification or waiver of any or all of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement, and approved by the Court if such approval is required, and this requirement cannot be waived by oral Agreement. Failure of either Party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

**(34) FULL DISCLOSURE AND DISPOSITION OF ASSETS**: The Parties acknowledge that there are no assets owned by them, either jointly or individually, and that they have no interest in any assets, which are not reflected by the terms of this Agreement. If there is any property interest (such as a retirement plan/pension, bank account, stock) or effect thereof (such as interest, dividends or a lump sum payment that actually can only be paid in installments) which is not provided for in this Agreement, then that property interest or effect thereof shall be equally divided between the Parties. If it is established by a preponderance of the evidence that a Party misrepresented or intentionally concealed a property interest, the effect thereof or an important characteristic thereof, the interest of the concealing Party will be transferred in full to the non-concealing Party and the concealing Party will pay all costs,


Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 20 of 23

fees, expenses, attorney's fees, and damages of the non-concealing Party caused by said concealment.

(35) **BENEFICIARY REVOCATION**: The Parties agree that, except as otherwise provided by the terms of this Agreement, all documents heretofore executed by either Party which designate the other Party as a beneficiary shall be, and are hereby, revoked. Such documents shall include, but not be limited to, powers of attorney, beneficiary designations under insurance policies, annuities, retirement programs, employee benefit programs, and bank accounts. It is the intent of the Parties to this Agreement that neither Party shall receive any proceeds as a beneficiary of the other Party from and after execution of this Agreement unless otherwise provided by the terms of this Agreement or unless a new beneficiary designation is hereafter executed designating the other Party as a beneficiary.

(36) **SEVERABILITY**: In the event any provision of this Agreement shall be held invalid by a Court of competent jurisdiction, such invalid provision shall not affect the other provisions of this Agreement, said provisions being severable.

(37) **NOTICE REGARDING CREDITORS: Pursuant to T.C.A section 36-4-134, this agreement does not necessarily affect the ability of a creditor to proceed against a Party or a Party's property, even though the Party is not responsible under the terms of the decree for an account, any debt associated with an account, or any debt. It may also be in a Party's best interest to cancel, close or freeze any jointly held accounts.**

(38) **ENFORCEMENT BY MOTION OR PETITION**: The Parties acknowledge that the signing of this Agreement shall confer on either Party the right to compel enforcement of this Agreement by Motion or Petition to the Court.

(39) **DIVISION OF CO-OWNERS:** The Parties acknowledge and agree that this Agreement is a transfer of appreciated property between spouses in connection with a divorce, and is not the sale or exchange or other disposition but represents a division of property by co-owners.

**(40) TORT CLAIMS**: The Parties further agree that by executing this Marital Dissolution Agreement they are releasing, discharging and forever barring any possible tort claims which they may have against each other, including those that could arise from contractual matters which are negotiated in this Marital Dissolution Agreement. The Parties understand that they are forever barred from raising any tort claim, or tort claim arising from contractual matters in the future, out of any matters which were incurred in this marriage or which may have been incurred in the process of this divorce.

**(41) WITHDRAW**: The Parties agree that upon entry of the Final Decree of Divorce in this cause Jason A. Talley, of Cheatham, Palermo & Garrett, shall be relieved as attorney of record for Husband and Julia E. Stovall shall be relieved as attorney of record for Wife.

**WITNESS OUR HANDS**, this the 2nd day of June 2022, as to the Husband, and the 2nd day of June 2022 as to the Wife.

**ROBERT WARREN BECKHAM**

**MELISSA DALE BECKHAM**

STATE OF TENNESSEE
COUNTY OF Davidson

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, the within **ROBERT WARREN BECKHAM**, with whom I am personally acquainted, and who acknowledges that he executed the within instrument for the purposes therein contained.

**WITNESS MY HAND** and official seal at Nashville, Tennessee, this 2nd day of June, 2022.

NOTARY PUBLIC
My Commission Expires: May 09, 2023

JAMEY RYAN STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

STATE OF TENNESSEE
COUNTY OF Williamson

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, the within **MELISSA DALE BECKHAM**, with whom I am personally acquainted, and who acknowledges that she executed the within instrument for the purposes therein contained.

**WITNESS MY HAND** and official seal at Franklin, Tennessee, this 2nd day of June, 2022.

NOTARY PUBLIC
My Commission Expires: 7/12/2022

JULIA E STOVALL STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF WILLIAMSON



Case 3:24-bk-04885 Doc 80-1 Filed 05/08/25 Entered 05/08/25 15:46:10 Desc
Exhibit FINAL DECREE OF DIVORCE & MARITAL DISSOLUTION AGREEMENT Page 23 of 23