**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 3:24-BK-04885 |
| ROBERT WARREN BECKHAM, | ) | CHAPTER 11 |
| | ) | JUDGE KING |
| DEBTOR. | ) | |

**DEBTOR'S PRE-HEARING STATEMENT ON MELISSA MEDVID'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to the Prehearing Order[1] Debtor respectfully submits his Prehearing Statement in response to Melissa Medvid's motion for relief from the automatic stay.[2]

**SUMMARY OF DEFENSES AND CONTENTIONS OF FACT IN SUPPORT**

1. Ms. Medvid is Debtor's ex-wife. Ms. Medvid does not cite any statutory predicate for her motion, but it is apparent that she is seeking relief from the automatic stay under § 362(d)(1). Stay relief for alleged cause is discretionary, and is determined on a case-by-case basis.[3]

2. On the facts of this case, there is no cause to grant relief from the stay. The relief Ms. Medvid seeks is purely in the nature of enforcement of the existing financial

[1] (DE # 72)
[2] (DE # 71).
[3] *See, e.g., In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994), as amended on denial of reh'g and reh'g en banc (Sept. 9, 1994) ("Because the Code provides no definition of what constitutes 'cause' under either Section 362(d) or Section 1112(b), courts must determine whether discretionary relief is appropriate on a case-by-case basis.") (internal citations and marks omitted).

obligations.[4] She seeks stay relief so that she can use the threat of state court contempt sanctions, including incarceration. Stay relief here would interfere with the central bankruptcy goal of allowing a comprehensive plan to pay all creditors, using all estate resources available. The Court should not exercise its discretion to permit stay relief on these facts. Doing so would make reorganization, for the benefit of all creditors, impossible.

3. Debtor intends to propose a plan of reorganization that complies with all applicable provisions of the Bankruptcy Code, including § 1129(a)(9)(B), if applicable. To the extent that section 1129(a)(9)(B) applies to Ms. Medvid's claims, that section fully protects her in the plan process.

4. Debtor needs the breathing space provided by the automatic stay to revive his financial prospects for the benefit of all creditors, including Ms. Medvid. Debtor has recently obtained income and anticipates additional income and liquidity, which he intends to use as the basis of his plan. Stay relief, including the threat of incarceration, would make a plan impossible. At present Debtor simply cannot pay Ms. Medvid, or his other creditors, what he owes them. That is precisely why he has filed bankruptcy and what he is using the Chapter 11 process for. He filed this Chapter 11 in good faith, for the purpose of paying all of his creditors, including Ms. Medvid. That is dispositive for purposes of the stay relief analysis.[5]

---

[4] (See DE # 71 at p. 3, ¶ 9).

[5] *See, e.g., In re Miller*, 501 B.R. 266, 286–87 (Bankr. E.D. Pa. 2013) ("[W]hen a DSO creditor seeks relief from the automatic stay to proceed in state court to collect a past due DSO that is provided for in the debtor's plan as a priority debt, the determination whether

5. Section 1112(b) further confirms that the Court should not exercise its discretion and grant stay relief. That section defines "cause" for purposes of dismissal or conversion of the entire case, which Ms. Medvid could have sought but did not. Unlike section 362, it contains a specific provision dealing with domestic support obligation, section 1112(b)(4)(P). And even that definition of "cause" is limited to failure to pay post-petition domestic support obligations.[6] Here, the vast majority of the obligations are pre-petition (the monthly alimony prior to the petition date) or has not come into existence yet (the lump sum payment due July 1, 2025).[7] There is no cause under § 362(d) for stay relief for failure to pay pre-petition DSOs, or DSOs that are not yet due.

## STATEMENT OF UNCONTESTED FACTS

6. The document filed by Ms. Medvid at Docket No. 71-1 is a true and accurate copy of the Final Decree in the parties' divorce, with the parties' Marital Dissolution Agreement attached as an exhibit.

---

'cause' exists to grant relief from the automatic stay requires that the bankruptcy court evaluate whether the case has been filed in good faith, much in the same manner as the court determines whether the automatic stay should be extended under 11 U.S.C. § 362(c)(3)(B). Essentially, this is a determination whether the case was filed in both subjective good faith (for a proper bankruptcy purpose and not merely for delay or to target a particular creditor) and objective good faith (i.e., there is some reasonable prospect that the chapter 13 rehabilitation will be successful). If the debtor establishes his or her good faith, as a general proposition, relief from the automatic stay is not warranted.") (internal citations and marks omitted).

[6] *See* 11 U.S.C. § 1112(b)(4)(P).

[7] (See MDA § 19) (filed

7. Debtor is in default of his obligations under section 19 of the Marital Dissolution Agreement.

## STATEMENT OF CONTESTED FACTS

8. Debtor filed the Chapter 11 case in good faith.

9. Debtor filed the Chapter 11 case for a valid reorganizational purpose.

10. Debtor has a reasonable prospect of reorganization.

## STATEMENT OF CONTESTED LEGAL ISSUES

11. Whether "cause" exists under § 362(d).

Respectfully submitted,

*/s/ Michael G. Abelow*

Michael G. Abelow (No. 26710)
Brettson J. Bauer (No. 39289)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4532
mabelow@srvhlaw.com
bbauer@srvhlaw.com
*Attorneys for Robert Warren Beckham*

## CERTIFICATE OF SERVICE

I certify that true and exact copies of the foregoing have been served via the Court's electronic filing system on May 8, 2025 on all filing users accepting electronic service.

*/s/ Michael G. Abelow*