SO ORDERED.
SIGNED 9th day of July, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 3:24-BK-04885 |
| ROBERT WARREN BECKHAM, | ) | CHAPTER 11 |
| | ) | JUDGE KING |
| DEBTOR. | ) | |
| | ) | |

## ORDER CONFIRMING PLAN OF REORGANIZATION

This matter came before the Court on June 30, 2026 for a confirmation hearing on Debtor's Chapter 11 Plan of Reorganization.[1] No party filed an objection to confirmation. At the hearing, Mr. Beckham testified and adopted the proffer filed in advance of the hearing.[2] Counsel for Debtor's ex-wife attended the hearing and supported confirmation. The Court, having considered the proffer, the Debtor's testimony, and the entire record in this case, confirms the Debtor's Chapter 11 Plan of Reorganization under § 1129 of the Bankruptcy Code. The Court finds that all requirements of § 1129(a) are met, with the exception of (a)(8), and that confirmation is proper under § 1129(b). Debtor's counsel further clarified that administrative expense claims will be paid on the Effective Date.

[1] (DE # 158).
[2] (DE # 173).

Accordingly, the Court Orders as follows.

1. Confirmation. The Plan is confirmed under § 1129 of the Bankruptcy Code. In the event of any inconsistency between the Amended Plan and this Confirmation Order, the provisions of this Confirmation Order are controlling.

2. Accepting Impaired Class. For the avoidance of doubt, the accepting impaired class under § 1129(a)(10) is Class 7. Class 7 is impaired because, inter alia, notwithstanding the Class 7 priority status under § 507(a)(1)(A), such claim will not be paid in full before lower priority claims, including Class 8 Unsecured Claims, begin to be paid.

3. Binding Effect of Plan. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Amended Plan as of the Effective Date, bind the Debtor, and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

4. Re-vesting of Property. Pursuant to 11 U.S.C. § 1141(b), all property of the estate vests in the Debtor as of the date of the entry of this Confirmation Order. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Amended Plan or in this Order, after confirmation of the Plan the property dealt with by the Plan is free and clear of all claims and interests of creditors.

5. Injunction. Except as otherwise provided in the Amended Plan or this Confirmation Order, creditors are enjoined from proceeding against the Debtor with regard to any claims that are treated under the Plan.

6. Post-confirmation operation of business. Except as otherwise provided

in the Plan or in this Confirmation Order, on and after the date of entry of this Confirmation Order, the Debtor may operate his business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Amended Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

7. United States Trustee Guidelines. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Court.

8. Effect of Confirmation Order on Plan. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.

9. Service of Confirmation Order. Debtor's counsel is direct to serve a copy of this Order on all parties and file a certificate of service within five (5) business days after the entry of this Order.

10. Documents required to effectuate Plan. The Debtor is authorized to execute any documents reasonably required to effectuate the provisions of the Plan or prior Orders of the Court.

11. Administrative Expense Claims. Allowed administrative expense claims shall be paid on the Effective Date.

12. Jurisdiction. The Bankruptcy Court retains exclusive jurisdiction to:

a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and any amendments of or modifications to the Plan;

b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

c. Adjudicate objections to claims;

d. Interpret and enforce the terms of the Plan;

e. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

f. Adjudicate modifications of the Plan under 11 U.S.C. § 1193;

g. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

h. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

Respectfully submitted for Entry:

*/s/ Michael G. Abelow*

Michael G. Abelow (No. 26710)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4532
mabelow@srvhlaw.com
*Counsel for Debtor*